ADELA MÉNDEZ, ETC., Plaintiff and Appellee, v. HEIRS OF FRANCISCO SELLA GONZÁLEZ, Defendants and Appellants.

No. 8643. Argued May 19, 1943.—Decided July 12, 1943.

*Buenaventura Esteves* for appellant. *Francisco Vizcarrondo Morell* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In the amended complaint filed by Adela Méndez in representation of her recognized natural son, Alejo Méndez, it is alleged that she sustained marital relations, living in open concubinage with Francisco Sella González, from 1926 to 1928; that as a result of these relations Alejo was born on February 26, 1927; that at the time that the child was conceived and born, his parents were single without any impediment preventing their marriage; that from the birth of the child until the death of Sella, the latter recognized him as his natural son, always giving him the familiar open and public treatment of a recognized natural child, and taking care in part of his needs for subsistence; and that the Estate of Sella—the defendants—has refused to recognize the minor's rights as an acknowledged natural child of Sella. The prayer is that Alejo Méndez be declared a recognized natural child of Sella and that the order which declared the defendants the only and universal heirs of the decedent Francisco Sella be declared null.

The present appeal has been taken by the defendants against the judgment granting the complaint and ordering the defendants to pay costs and attorney's fees of $100. The appellants allege that the lower court committed seven errors.

1. The appellants contend that the complaint is insufficient because it was filed by Adela Méndez "in representation as a mother with *patria potestas* over her minor child, a recognized natural son, Alejo Méndez"; that it is not the same to say "Adela Méndez, in representation of her son" as to say "Alejo Méndez, represented by his mother,

etc.'', since in the first case the mother appears and in the second the minor would appear, who is the one who has the right to the filiation; and they cite in support of this assignment of error the case of *Olivo* v. *Arrivi*, 38 P.R.R. 643.

This contention is without merit. In *Olivo* v. *Arrivi*, *supra,* it was held that the complaint was insufficient because the mother appeared in it without alleging that she did so in representation of the minor, who was the one who had the right to make the claim of filiation. In the present case it is specifically alleged that Adela Méndez appears in representation of her son. In view of the provisions of §153 of the Civil Code and §56 of the Code of Civil Procedure, it is necessary to conclude that it is absolutely the same from the legal point of view if the mother appears in representation of the minor or if the minor appears represented by the mother. Adela Méndez does not claim anything for herself. See *Góñez* v. *Palmieri*, 50 P.R.R. 439; *Gigante* v. *Alvarez*, 48 P.R.R. 484; and *Colón* v. *Heirs of Tristani*, 44 P.R.R. 163.

2. It is contended in the second assignment of error that the lower court did not acquire jurisdiction over the persons of all the defendants composing the ''Estate of Francisco Sella González'': (*a*) because the summons issued is defective, since it does not state who are the persons composing the said Estate; and (*b*) because the service does not show that the defendants who are minors were notified in legal form.

The appellants have not placed the court in a position to be able to consider the first alleged defect, since they have not transcribed the complete service. The transcribed portion leads us to believe that the said defect does not exist, since the citation appears directed ''To the Estate of Francisco Sella González, residing in Lares, P.R., that is, the defendants previously mentioned.''

"I personally notified, on May 8, 1941 Mercedes Fuentes Medina de Sella, mother with *patria potestas* over her children Lilia Mercedes, Aida Milagros, and Francisco Ismael Sella Fuentes, the aforesaid defendants in said summons, delivering to the said defendants and leaving in their possession personally *a copy of said summons, and an exact and faithful copy of the complaint* in the said suit in the said summons and a copy of this summons." (Italics ours.)

Section 93 of the Code of Civil Procedure provides that the summons will be made by delivery of a copy of the same; that if the defendant is a minor more than 14 years of age residing in the Island a copy of the summons will be delivered "to such minor, personally, and also to his father, mother or guardian"; and that in all other cases it will be delivered to the defendant personally.

The same question raised here was considered by this court in *García* v. *Dávila,* 45 P.R.R. 159, 163, and decided as follows:

"We can not agree with the appellants that the words 'delivering a copy to the defendants' are to be taken distributively and mean a delivery to each one of them. In Spanish as in the equivalent English the language used tends to show that but a single copy was left with the defendants. Even if the meaning was ambiguous or doubtful, the doubt must be resolved against the appellants. What the return said was completely consistent with a state of facts wherein the marshal had only delivered a single copy and the jurisdiction of an inferior court not of record must appear positively. We conclude that there was not a sufficient compliance with sections 92 and 93 of the Code of Civil Procedure."

The defect in the service of the summons was cured in the present case by the appearance of the defendants in the lower court. The defendants all appeared in order to file a demurrer to the complaint, without raising any question as to the insufficiency of the notice. When the demurrer was overruled, they answered the complaint denying all the essential facts and raising special defenses. But at no time did they raise in the lower court the jurisdictional question

now raised for the first time too late on appeal. It is an elementary principle that jurisdiction over the person of the defendant is acquired through a summons or by his appearance for any purpose other than to attack the validity and sufficiency of the summons. The lower court acquired and acted with jurisdiction over the defendants.

■ 3. There is no merit in the third assignment. It has not been shown that the testimony of the witness José González prejudiced the appellant, nor that the lower court abused its discretion in permitting that witness to testify after the defendants had begun to present their testimony. *Rosaly* v. *Graham,* 16 P.R.R. 156; *People* v. *Julián,* 18 P.R.R. 905; *People* v. *Sáez,* 19 P.R.R. 1081; *Gerena* v. *Sales et al.,* 32 P.R.R. 334; *Palacios* v. *González,* 33 P.R.R. 895.

■ 4–7. The four remaining assignments may be considered together, as they all refer to the weighing of the evidence by the lower court.

The proof of the plaintiff tended to show that from 1925 to 1929 Adela Méndez, a divorcee, lived in Juncal Ward in San Sebastián; that during that time, Francisco Sella, who was then single, worked at a farm located in the same ward and bounding the property where Adela lived as a tenant (*arrimada*); that from 1926 to 1927 Adela and Francisco engaged in amorous acts, and Francisco visited her often and slept with her until dawn, at which time he left to go to work; that as a result of these relations the child Alejo was born; that Francisco Sella was present when the child was born, assisted the mother when she gave birth, and furnished money to pay the midwife; that after the birth of the child, Sella continued to visit the house of Adela for another year, demonstrating considerable affection toward the child and treating him as his real child; that when the child was a year old, Sella took him to the farm where he lived in order to take care of him better, and Adela continued to live with her two other children; that the child

lived with Sella about nine years and Sella took him to school, and treated him and looked after him as a good father; that later the child went to live with his mother in Pozas Ward and Sella continued looking after him and treating him as a good father until the date of his death.

The evidence of the defendants tended to controvert the facts established by that of the plaintiff, resulting in an obvious conflict. This was resolved by the lower court in favor of the plaintiff, giving credit to his witnesses and not to those of the defendants, holding that the proof of the plaintiff was robust and convincing as required by the statute and the cases.

The testimony adduced by the plaintiff and believed by the lower court was in our opinion sufficient to justify the judgment appealed from. The charge of passion, prejudice, and partiality made against the lower court lacks foundation. It is our duty to respect the decision of the lower court, which saw and heard the witnesses of both parties and which had a better opportunity to determine the degree of credibility which each witness merited.

The judgment will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.